THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JOSHUA JAMES LEE HOWELL, | CV 20-00064-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| ANDRE CARRETHERS, DHO; GREAT FALLS PRE-RELEASE SERVICES, INC.; ALAN SCANLON, TREATMENT SERVICE DIRECTOR; and the MONTANA DEPARTMENT OF CORRECTIONS, | |
| Defendants. | |

Plaintiff Joshua Howell filed an Amended Complaint alleging his constitutional rights were violated when he was removed from the Great Falls Pre-Release Center and returned to prison for talking to, encouraging, and helping other residents file grievances.  (Doc. 9.)  The Court has considered whether Mr. Howell's Amended Complaint is frivolous, malicious, fails to state a claim, or solely seeks monetary relief from a defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).  Dismissal is not appropriate at this time.  Defendants Carrethers and Scanlon must respond to the Amended Complaint.  *See* 42 U.S.C. § 1997e(g)(2).

The Court will send a request for waiver of service of summons to Defendants Carrethers and Scanlon at the addresses provided by Mr. Howell.

1

Should Defendants Carrethers and Scanlon fail to waive service, it will be Mr. Howell's obligation to request the Court order service of process by the United States Marshal or otherwise timely serve the Amended Complaint.  *See* Fed.R.Civ.P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court.  The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 ...."); *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) ("An [in forma pauperis ] plaintiff must request that the marshal serve his complaint before the marshal will be responsible for such service. [The in forma pauperis plaintiff] did not request service by the marshal and so remained responsible for timely service.").

As set forth in the Court's prior Order, Mr. Howell's allegations are still insufficient to establish entity liability under Section 1983 against Great Falls Pre-Release Services.  He makes no reference to an expressly adopted official policy, a long-standing practice or custom, or the decision of a final policymaker that was the moving force behind any alleged constitutional violation.  As such, he failed to state a federal constitutional claim against Great Falls Pre-Release Services.  In addition, he failed to name the Montana Department of Corrections in his Amended Complaint and as set forth in the Court's prior Order, the Eleventh Amendment bars suit in federal court against a state and/or a state agency absent a

2

valid abrogation of immunity by Congress or an express waiver of immunity by the State. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

For these reasons and for the reasons set forth in the Court's November 9, 2020 Order (Doc. 7), Defendants Great Falls Pre-Release Services, Inc. and the Montana Department of Corrections should be dismissed from this action.

Accordingly, the Court issues the following:

## ORDER

1.  The Clerk of Court is directed to add Defendants Carrethers and Scanlon to the docket.

2.  Pursuant to Fed.R.Civ.P. 4(d), the Court requests Defendants Carrethers and Scanlon to waive service of summons of the Amended Complaint by executing, or having counsel execute, the Waiver of Service of Summons.  The Waiver must be returned to the Court within 30 days of the entry date of this Order.  If Defendants Carrethers and Scanlon choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within 60 days of the date of this Order pursuant to Fed.R.Civ.P. 12(a)(1)(B).  *See also* 42 U.S.C. § 1997e(g)(2).

3.  The Clerk of Court shall mail the following documents to Defendants

Carrethers and Scanlon:

*  Complaint (Doc. 2);

*  Court's Order of November 9, 2020 (Doc. 7);

*  Amended Complaint (Doc. 9);

*  this Order;

*   a Notice of Lawsuit & Request to Waive Service of Summons; and

*  a Waiver of Service of Summons.

4.  Any party's request that the Court grant relief, make a ruling, or take an

action of any kind must be made in the form of a motion, with an appropriate

caption designating the name of the motion, served on all parties to the litigation,

pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to

give the Court information, such information must be presented in the form of a

notice.  The Court will not consider requests made or information presented in

letter form.

5.  Mr. Howell <u>shall not</u> make any motion for default until at least 70 days

after the date of this Order.

6.  Pursuant to Local 26.1(d) "no party may begin discovery until a

scheduling order has been issued."

7.  At all times during the pendency of this action, Mr. Howell must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further the Court issues the following:

## RECOMMENDATIONS

Defendants Great Falls Pre-Release Services, Inc. and the Montana Department of Corrections should be DISMISSED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Howell may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) thereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Howell is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

until entry of the District Court's final judgment.

DATED this 24th day of November, 2020.

John Johnston
United States Magistrate Judge

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JOSHUA JAMES LEE HOWELL, | CV 20-00064-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS |
| ANDRE CARRETHERS, DHO; GREAT FALLS PRE-RELEASE SERVICES, INC.; ALAN SCANLON, TREATMENT SERVICE DIRECTOR; and the MONTANA DEPARTMENT OF CORRECTIONS, | |
| Defendants. | |

TO:  Andre Carrethers, DHO          Alan Scanlon
     Great Falls Pre-Release          Treatment Service Director
     Services, Inc.                   Great Falls Pre-Release Services, Inc.
     1715 10th Avenue North           1715 10th Avenue North
     Great Falls, MT  59401           Great Falls, MT  59401

A lawsuit has been filed against you in this Court under the number shown

above.  A copy of the Amended Complaint (Doc. 9) is attached.  This is not a

summons or an official notice from the Court.  It is a request that, to avoid the cost

of service by the U.S. Marshals Service, you waive formal service of a summons

by signing and returning the enclosed waiver.  To avoid these expenses, you must

file the signed waiver within 30 days from the date shown below, which is the date

this notice was sent.

1

If you file the signed waiver, the action will then proceed as if you were served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent to answer the Amended Complaint.  If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshals Service to personally serve you with the summons and Complaint and may impose the full costs of such service.  Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 24th day of November, 2020.

John Johnston
United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JOSHUA JAMES LEE HOWELL, | CV 20-00064-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | RULE 4 WAVIER OF SERVICE OF SUMMONS |
| ANDRE CARRETHERS, DHO; GREAT FALLS PRE-RELEASE SERVICES, INC.; ALAN SCANLON, TREATMENT SERVICE DIRECTOR; and the MONTANA DEPARTMENT OF CORRECTIONS, | |
| Defendants. | |

TO:   The U.S.  District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in this case.  Defendants also received a copy of the Amended Complaint (Doc. 9).  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Amended Complaint in this action by not requiring that the following be served with judicial process in the case provided by Fed.R.Civ.P.  4:

_____;_____;

_____;_____;

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but

1

waive any objections to the absence of a summons or of service.  Defendants also understands that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to do so default judgment will be entered against them.

Date:  _____

_____
(Signature of the attorney
or unrepresented party)


_____
(Printed name)


_____
(Address)


_____
(E-mail address)


_____
(Telephone number)