IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JOSHUA JAMES LEE HOWELL, <br><br> Plaintiff, <br><br> vs. <br><br> ANDRE CARRETHERS, DHO; GREAT FALLS PRE-RELEASE SERVICES, INC.; ALAN SCANLON, TREATMENT SERVICE DIRECTOR; and the MONTANA DEPARTMENT OF CORRECTIONS, <br><br> Defendants. | CV-20-64-GF-BMM-JTJ <br><br> ORDER |

Plaintiff Joshua James Lee Howell ("Howell") filed an Amended Complaint alleging his constitutional rights were violated when he was removed from the Great Falls Pre-Release Center and returned to prison for talking to, encouraging, and helping other residents file grievances. Doc. 9. United States Magistrate Judge John Johnston considered whether Howell's Amended Complaint was frivolous, malicious, fails to state a claim, or solely seeks monetary relief from a defendant who is immune to monetary damages. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Judge Johnston determined that dismissal of the case does not prove appropriate at this time. Doc. 10 at 1. Judge Johnston ordered Defendants Carrethers and Scanlon

to respond to the Amended Complaint. *Id*. at 3. Judge Johnston recommended that the Court dismiss Defendant's Great Falls Pre-Release and Montana Department of Corrections. *Id*.

The Court conducts *de novo* review of the portions of a magistrate judge's findings and recommendations to which a party properly objects. 28 U.S.C. § 636(b)(1). A party makes a proper objection by "identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the Court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010). This Court will review for clear error the portions of a magistrate judge's findings and recommendations to which a party's objections constitute only perfunctory responses argued in an attempt to rehash the same arguments set forth in the original response. *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syraz*, 235 F.3d 422, 427 (9th Cir. 2000).

No party filed objections to Judge Johnston's findings and recommendations. The Court will review for clear error Judge Johnston's findings and recommendations. *Rosling*, 2014 WL 693315, at *3.

The Court finds no clear error in Judge Johnston's Findings and Recommendations. See *Syraz*, 235 F.3d at 427. Judge Johnston correctly determined that Howell's allegations are insufficient to establish entity liability under § 1983 against Great Falls Pre-Release Services, Inc. Doc. 10 at 2. Howell makes no reference to an expressly adopted official policy, a long-standing practice or custom, or a decision of a final policymaker that was the moving force behind any alleged constitutional violation. *Id*. Judge Johnston correctly determined that Howell omitted Montana Department of Corrections from his Amended Complaint. Judge Johnston also correctly noted that the Eleventh Amendment bars suit in federal court against a state and/or a state agency absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *Id*. (citing *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267−68 (1997)). The Court adopts Judge Johnston's Findings and Recommendations (Doc. 10) in full.

## ORDER

Accordingly, **IT IS ORDERED** that Defendants Great Falls Pre-Release Services, Inc. and Montana Department of Corrections are **DISMISSED**.

Dated the 9th day of December, 2020.

_____
Brian Morris, Chief District Judge
United States District Court