# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| JOSHUA JAMES LEE HOWELL, <br><br> Plaintiff, <br><br> vs. <br><br> ANDRE CARRETHERS, DHO, et al., <br><br> Defendants. | CV 20−64−GF–BMM–JTJ <br><br> **ORDER** |

Plaintiff Joshua Howell ("Howell") filed an Amended Complaint alleging Defendants violated his constitutional rights when they removed Howell from the Great Falls Pre-Release Center ("GFPR") and returned him to prison for encouraging and helping other residents file grievances. Doc. 9. The Court dismissed Defendants Great Falls Pre-Release Services, Inc. and Montana Department of Corrections. Doc. 11. Defendants Carrethers and Scanlon, the only remaining defendants, filed a Motion to Dismiss. Doc. 14. United States Magistrate

1

Judge John Johnston issued a Findings and Recommendations. Doc. 22. Judge Johnston recommended that the Court do the following: (1) dismiss Defendants Carrethers and Scanlon; (2) decline to exercise supplemental jurisdiction over the remaining state law claims; and, (3) dismiss Howell's Amended Complaint (Doc. 9). *Id*. at 7−8.

The Court conducts de novo review of the portions of a magistrate judge's findings and recommendations to which a party properly objects. 28 U.S.C. § 636(b)(1). A party makes a proper objection by "identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the Court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010). The Court will review for clear error the portions of a magistrate judge's findings and recommendations to which a party's objections constitute only perfunctory responses argued in an attempt to rehash the same arguments set forth in the original response. *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syraz*, 235 F.3d 422, 427 (9th Cir. 2000).

The parties did not file any objections to Judge Johnston's Findings and Recommendations. The Court will review, therefore, Judge Johnston's Findings and Recommendations (Doc. 22) for clear error. *See Rosling*, 2014 WL 693315, at *3.

Judge Johnston correctly determined that Howell cannot state a claim against Defendant Carrethers because Howell does not maintain a constitutional right to a particular classification or placement by the Department of Correction. Doc. 22 at 5 (citing *Moody v. Daggett*, 429 U.S. 78 (1976)). Judge Johnston also correctly determined that Howell cannot state a claim against Defendant Scanlon because Howell cannot link actions by Scanlon to any alleged violations of Howell's rights. *Id*. at 6−7. Consequently, Judge Johnston correctly recommended that the Court dismiss Defendants Carrethers and Scanlon.

## ORDER

**IT IS ORDERED** that Judge Johnston's findings and recommendations (Doc. 22) is adopted in full.

**IT IS FURTHER ORDERED** that:

1). Defendants' Motion to Dismiss (Doc. 14) is **GRANTED.**

2) Plaintiff's Amended Complaint (Doc. 9) is **DISMISSED**. The Court declines to exercise supplemental jurisdiction over any of the remaining state law claims.

3) The Clerk of Court shall close this matter and enter judgment pursuant to Fed. R. Civ. P. 58.

4) The Clerk of Court shall have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 21st day of June, 2021.

_____
Brian Morris, Chief District Judge
United States District Court